1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EUGENIO PENA,                             1:11-cv-02074-GSA (HC)

12            Petitioner,
                                               ORDER TRANSFERRING CASE TO
13   vs.                                       THE UNITED STATES DISTRICT COURT
                                               FOR THE NORTHERN DISTRICT OF
14   BOARD OF PRISON HEARINGS,                 CALIFORNIA

15            Respondent.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28

18   U.S.C. § 2254, in which he challenges a decision reached by the Board of Prison Terms regarding his

19   suitability for parole.  Petitioner has not paid the $5.00 filing fee or submitted an application to

20   proceed in forma pauperis for this action.

21          The federal venue statute requires that a civil action, other than one based on diversity

22   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

23   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

24   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

25   is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in

26   which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

27          In a habeas matter, venue is proper in either the district of conviction or the district of

28   confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the

1  proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman,

2  875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to

3  challenge the execution of a sentence is the district where the prisoner is confined.").

4      In this case, petitioner was sentenced in San Mateo County Superior Court, which is located

5  within the Northern District of California.  He is currently incarcerated at Correctional Training

6  Facility, in Monterey County, which lies within the Northern District of California.  Because the

7  instant petition is premised on events relating to Petitioner's parole proceedings, the court construes it

8  as a challenge to the execution of petitioner's sentence, as opposed to an attack on the conviction

9  itself.  Thus, this matter should be addressed in the forum where petitioner is confined.  Therefore,

10  the petition should have been filed in the United States District Court for the Northern District of

11  California.  In the interest of justice, a federal court may transfer a case filed in the wrong district to

12  the correct district.  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.

13  1974).

14      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

15  District Court for the Northern District of California.

16      IT IS SO ORDERED.

17  **Dated:   December 19, 2011**          _____/s/ **Gary S. Austin**_____
                                            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28